(C. D. 1939)

LINREAD PRODUCTS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 25, 1957)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The collector of customs classified an importation described as "TUTCH LATCH," "'TUTCH LATCH' Counter demonstrators," and "'TUTCH LATCH' Salesmans Demonstrators," as articles in chief value of metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and assessed duty thereon at the rate of 22½ per centum ad valorem.

It is claimed by the importer that the subject merchandise is properly classifiable within the provision for all other machines, finished or unfinished, not specially provided for, in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the Torquay protocol to the general agreement, 86 Treas. Dec. 121, T. D. 52739; and dutiable at 13¾ per centum ad valorem.

The pertinent text of the statutes referred to is here set forth:

Paragraph 397, as modified, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

       \*       \*       \*       \*       \*       \*       \*

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

       \*       \*       \*       \*       \*       \*       \*

         Other (except slide fasteners and parts thereof)\_\_\_\_ 22½% ad val.

Paragraph 372, as modified, *supra:*

Machines, finished or unfinished, not specially provided for:

    Calculating machines specially constructed for multiplying and dividing_____ \* \* \*

       \*       \*       \*       \*       \*       \*       \*

Other \* \* \*_____ 13¾% ad val.

At the trial, Ezra Lynall, the only witness who was called, testified on behalf of plaintiff. He stated that he was president of the importing company, and governing director and founder member of the parent company, Linread, Ltd., of Birmingham, England, the exporter of the subject merchandise. He produced a sample of the "TUTCH LATCH," which was marked in evidence as collective exhibit 1. Another sample received in evidence as exhibit 2 represents an item on the invoice reading "25 only 'TUTCH LATCH' Salesmans Demonstrators." The latter exhibit represents exhibit 1 in its assembled condition. A schematic drawing illustrating the internal structure and operation of a "Tutch" latch was received in evidence as exhibit 4.

Based upon his experience as a practical toolmaker and diesinker, Lynall testified as to the construction and use of the imported commodity. He explained that the articles are used as fastening devices on cupboard doors, both in wood and in steel; that they have other uses but stated that while there are many types of door fasteners there are few, if any, such devices which by using the same force not only close doors but open them. Further, the record shows that the force by which the device is actuated is, as its name implies, one of "touching." A spring-loaded plunger or plate when released applies force to a striker plate and, in that way, opens the door. The operation of closing a door equipped with a "Tutch" latch is performed in the reverse manner of applying pressure to the striker plate which places the spring in tension, the latter being secured or locked by a latching hook.

When asked how many movable parts were contained in the "Tutch" latch, the witness answered: "Three," namely "The pusher plate, the locking hook or latching hook and the spring."

In support of its claim for classification as a machine, plaintiff cites the familiar case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, and also *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777, in which the identifying characteristics of a machine were generally set forth, namely, that a machine is a mechanical contrivance designed to utilize, apply, or modify energy or force or transmit motion. Note also the case of *United States* v. *J. E. Bernard & Co., Inc.*, 30 C. C. P. A. (Customs) 213, C. A. D. 235, wherein our appellate court stated:

* * * It is our opinion that a machine such as Congress had in mind must have some movable parts, and it must do some of the things pointed out in the *Simon, Buhler* case. * * *

Plaintiff also relies upon numerous other cases cited in its brief, all of which we have examined and some of which we shall discuss, *infra*.

In the *Guth Stern* case, *supra*, the court had before it a device for sharpening safety-razor blades which is described in the opinion as consisting of a frame and carriage, the two outer bars of the frame

passing through the center, with wheels made of leather and carborundum being attached to the carriage. In sharpening the razor blade, the carriage is moved rapidly by hand from left to right and from right to left, causing the wheels to revolve. As the wheels engage the razor blades on both sides, a sharpening process takes place. In holding the device to be properly classifiable as a machine, the court referred to an earlier decision by the Board of General Appraisers (now the United States Customs Court), wherein a "device for honing and stropping safety-razor blades" was held to be properly classifiable as a machine in paragraph 372 of the Tariff Act of 1922 (*R. W. Sheldon & Co. v. United States*, 48 Treas. Dec. 650, Abstract 49972), and, in so doing, applied the rule of legislative ratification of judicial construction. See also *Lee & Schiffer, Inc. v. United States*, 73 Treas. Dec. 112, T. D. 49358.

*United States v. Endlein & Schmidt, United Hardware & Tool Corp.*, 22 C. C. P. A. (Customs) 108, T. D. 47082. A so-called hand counter or tallying register, a device having within it a mechanism which caused cogwheels to revolve in such manner as to bring a number before an opening in the face of the device, said mechanism being manually operated by pressing a lever or button, was held to be properly classifiable as a machine in paragraph 372 of the Tariff Act of 1922.

*Emil Gebhardt v. United States*, 66 Treas. Dec. 983, Abstract 28998. A device used to spray the air in hospitals, schools, and so forth, which was so constructed that when a plunger was pulled out there was drawn into a cylindrical chamber a quantity of the spraying liquid and when the plunger was pushed in the air pressure created turned the cylinder, expelling the liquid through the minute holes in the nozzle, producing a fine spray, was held to be properly classifiable as a machine in paragraph 372 of the Tariff Act of 1930.

Another case, not cited by counsel, is *United States v. August Merckens*, 17 C. C. P. A. (Customs) 318, T. D. 43742, wherein a small decorated slot or vending machine in which a penny may be dropped whereupon, by the pulling of a slide, a small bar of chocolate is delivered to the operator, was held to be classifiable as a machine in paragraph 372 of the Tariff Act of 1922.

We have examined the cases cited by defendant in its brief but find nothing therein inimical to the conclusions we have reached.

Upon an examination of the samples, we find and hold, in view of the facts of record and the authorities discussed, that the subject merchandise is properly classifiable in paragraph 372 of the Tariff Act of 1930, as modified, *supra*, as machines, finished or unfinished, not specially provided for, and dutiable at 13¾ per centum ad valorem as claimed by the importer. The claim in the protest to that extent is sustained, and judgment will be entered accordingly.