**No. 61376.**—General Systems Service, Inc. *v.* United States, protest 263497–K (New York).

FORD, Judge: The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as manufactures of metal, not specially provided for, and levying duty thereon at the rate of 22½ percent ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiff claims said merchandise to be properly dutiable at 13¾ percent ad valorem under paragraph 372 of said act, as modified by the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739, as machines, not specially provided for, finished or unfinished, other.

The pertinent portions of the involved paragraphs are as follows:

Paragraph 397, as modified by T. D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

*      *      *      *      *      *      *

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal * * *:

        Other (except slide fasteners and parts thereof)_____ 22½% ad val.

Paragraph 372, as modified by Presidential Proclamation No. 2929, of June 2, 1951, relating to the Torquay protocol, T. D. 52739:

Machines, finished or unfinished, not specially provided for:

*      *      *      *      *      *      *

    Other (except * * *) _____ 13¾% ad val.

At the trial of this case, samples of articles similar in all material respects to the merchandise before the court were admitted in evidence and marked exhibits 1, 2, and 3. There was also admitted in evidence, as exhibit 4, a sheet of paper upon which there were certain drawings illustrating how the merchandise works when in actual use. The above samples were introduced through the testimony of the president of the plaintiff herein, who also testified that he purchased the subject merchandise; that he had used and seen others use articles, such as exhibits 1, 2, and 3, in making up looseleaf binders; that the function of these articles was the holding of looseleaf sheets of paper; and that "these mechanisms are the means by which the rings are opened, locked, or closed for the holding of papers."

Plaintiff's second witness testified that he is presently employed as a sales engineer by the Buell Engineering Co., which is a consulting engineering firm, and that, for 5 years prior to his present employment, he was application engineer and sales engineer with SKF Industries, which company manufactures ball bearings and roller bearings; that he received the degree of bachelor of science in industrial engineering from Yale University, School of Engineering, and a commission in the United States Air Force on his qualifications as a chemical engineer.

He further testified that, from his education and business experience, he has become familiar with the basic principles of mechanical engineering and is familiar with the principle upon which plaintiff's exhibits operate; that a drawing received in evidence as exhibit 4 illustrates how the subject merchandise works; that the mechanical device represented in the drawing consists of two triggers, which are marked "A," two spring blades, which are marked "B," three rings, which are marked "C," and a cover, marked "D," which covers the spring blades; that these components are the means by which the articles are operated; that when a horizontal force is applied to one or both of the triggers, it is changed into a vertical force, multiplied approximately four times, which causes the spring blades to move upward inside the spring cover; that the upward motion of the spring blades causes the rings to open by moving their two segments away from each other; that, at this point, the spring is no longer in tension, causing the rings to be locked in their open position; that the closing operation of the device results by applying a horizontal force in the opposite direction from that in the opening operation, which is multiplied approximately four times in a vertical direction on the spring blades, causing them to move downward, moving, closing, and locking the rings; that the manual force applied directly to the articles is modified in being transferred from the place initially applied to the place of contact between the triggers and the spring blades, where it is applied to place into motion the spring blades which, in turn, cause the rings to move in an opened or closed position, in which position they are locked.

Based upon the record above set out, counsel for the plaintiff contends that the involved articles are machines, within the meaning of that term, as used in paragraph 372 of the Tariff Act of 1930, as modified, *supra*, and, in support of that contention, cites us to the cases of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37573; *United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. (Customs) 168, T. D. 49271; *United States* v. *J. E. Bernard & Co., Inc.*, 30 C. C. P. A. (Customs) 213, C. A. D. 235; *F. W. Myers & Co., Inc.* v. *United States*, 37 Cust. Ct. 256, C. D. 1832.

Counsel for the defendant cites as supporting his contention that the involved articles are not machines, the cases of *M. Pressner & Co.* v. *United States*, 38 C. C. P. A. (Customs) 8, C. A. D. 431, and *United States* v. *Associated Mfg. Co.*, 30 C. C. P. A. (Customs) 236, C. A. D. 238.

The facts in the *Myers* case, *supra*, are so different from the facts in the present case as to clearly distinguish the two cases and renders inapplicable to the instant case any of the pronouncements made in the *Myers* case. The same may be said with equal force regarding the *Oppleman* case, *supra*.

In our opinion, any aid or assistance which might have flowed to the plaintiff herein is neutralized by the holding of the Court of Customs and Patent Appeals in the *Pressner* case, *supra*, from which the following is quoted:

Numerous decisions of the Customs Court and several by this court are cited in the briefs of the respective parties and in that of *amicus curiae* who supports the position of the Government.

The primary decision so cited is that of this court in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, which arose under the 1913 tariff act and involved broadly the question whether parts which were fashioned to form a brewery mash filter should be classified as parts of a machine. The phraseology of the paragraphs there involved differed from that of those here involved, but it is not essential here to discuss the differences. The question of interest here was as there stated, and in the course of our decision we said:

The filter which is to be made in part of the castings now under consideration can not be regarded as a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion, and therefore in no sense can it be properly called a machine. * * * In fact, a filter for straining the malt from the malt liquor of the brewer's mash is no more a machine than is the kitchen colander or a box of sand for clearing muddy water.

In a headnote of the decision the reporter stated, "A machine is a mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion" and this seems repeatedly to have been regarded by importers of various kinds of articles as a definition of such machines as are contemplated by the phraseology used in paragraph 372, *supra*, notwithstanding the fact that the courts again and again have held otherwise.

For example, in the case of *United States* v. *Wm. Goldenblum & Co.*, 18 C. C. P. A. (Customs) 367, 370, T. D. 44616, involving merchandise consisting of carpenters' braces "some with, and some without, ratchet attachments," this court, speaking through the late Judge Hatfield, said *inter alia*:

* * * If it is proper to hold that the imported articles utilize, apply, or modify energy or force, or that they are mechanical contrivances for the transmission of motion, within the meaning of the definition announced by this court in the *Simon, Buhler & Baumann* case, then every tool, no matter how simple, is a machine within that definition. In the same sense, although possibly to a different degree, lead pencils, penholders, knives, forks, spoons, golf clubs, tennis rackets, baseball bats, screw drivers, hammers, chisels, and a multitude of other articles utilize, apply, or modify energy or force, or transmit motion and, accordingly, if the involved articles are machines in a tariff sense, would be included within the provision for machines and, unless more specifically provided for elsewhere, would be dutiable thereunder. Obviously, a holding that the involved articles are machines for tariff purposes would result in reducing the definition of machines to an absurdity.

It is true that, by virtue of the leverage obtained, the operator of one of the involved tools is able to apply more power or force to the bits or drills. It is likewise true that, by increasing or decreasing the length of the crank-formed shaft—"sweep"— of the tool, the leverage would be increased or decreased, and correspondingly greater or less power could be applied to the bits and drills.

The mere fact that these tools, solely by virtue of leverage, furnish a mechanical advantage—increased power—is not sufficient to bring them within the provision for all other machines, finished or unfinished, not specially provided for, contained in paragraph 372. We are of the opinion that the involved articles do not utilize, apply, or modify energy or force, or transmit motion, within the meaning of the definition of machines announced by this court in the *Simon, Buhler & Baumann* case, *supra*, and we so hold.

The Court of Customs and Patent Appeals also quoted from and discussed the applicability of the case of *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777, and the case of *United States* v. *Associated Mfg. Co.*, 30 C. C. P. A. (Customs) 236, 239, C. A. D. 238, to the facts in the *Pressner* case, *supra*. However, we feel that the contention of the plaintiff herein is fully answered by the above quotation from the *Goldenblum* case, and that the other two cases referred to and quoted from in the *Pressner* case need not be given further consideration here.

It is our view that if the tools in the *Goldenblum* case, *supra*, solely by virtue of leverage, furnished mechanical advantage, was not sufficient to bring them within the provision for all other machines, finished or unfinished, not specially provided for, contained in said paragraph 372, that the articles here in question cannot be held to utilize, apply, or modify energy or force, or transmit motion, within the meaning of the definition of machines announced by the Court of Customs Appeals in the *Simon, Buhler & Baumann (Inc.)* case, *supra*.

Based upon the record in this case, for the reasons stated, and following the authorities cited and quoted from, we hereby overrule all claims of the plaintiff in this case. Judgment will be rendered accordingly.