**No. 63100.**—United Merchandising Corp. and Frank P. Dow Co., Inc. *v.* United States, protest 330048–K (Los Angeles).

FORD, Judge: Certain air pumps used for inflating air mattresses, life rafts, and all types of inflatable objects were assessed with duty at 20 per centum ad valorem under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Plaintiffs, by timely amendment to the protest, claim the pumps to be properly dutiable at 12 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified, *supra,* as machines.

The pertinent provisions of the statutes herein involved are as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*    \*    \*    \*    \*    \*    \*

    Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum \* \* \*_____ 20% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108:

Machines, finished or unfinished, not specially provided for:

    \*    \*    \*    \*    \*    \*    \*

    Other \* \* \*_____ 12% ad val.

In an effort to establish their claim, plaintiffs offered in evidence a sample of the imported pumps, which was received as plaintiffs' exhibit 1. The testimony of one witness was offered to establish how the pump functions. The witness testified that the pump operates by hand on the principle of forcing air into an inflatable object. A flutter valve in the fitting at the end of the pump closes when the handle is drawn back so as to prevent the air, in the object being inflated, from reentering the pump. This action is caused by the spring contained in the unit.

By virtue of the presence in the pump of the valve and the spring, plaintiffs contend that it is a machine within the definition set forth in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States,* 8 Ct. Cust. Appls. 273, T.D. 37537, and within the rule of law enunciated in the case of *Emil Gebhardt* v. *United States,* 66 Treas. Dec. 983, Abstract 28998, and *Same* v. *Same,* 56 Treas. Dec. 834, Abstract 9786.

The *Gebhardt* cases, *supra,* are reported as abstracts of the full decisions. Abstract 28998, *supra,* recites the following:

It appeared that the devices in question are used to spray the air in hospitals, schools, etc. When the plunger is pulled out there is drawn into the cylindrical chamber a quantity of the spraying liquid, and when the plunger is pushed in the air pressure created turns the cylinder, expelling the liquid through the minute holes in the nozzle, producing a fine spray. On the authority of Abstract 9786 the claim at 27½ percent under paragraph 372 was sustained.

An examination of the full decision of the *Gebhardt* case, *supra*, indicates the operation of the article therein involved to be as follows:

\* \* \* It appears that when the plunger therein is pulled out there is drawn into the cylindrical chamber a quantity of the spraying liquid; and when the plunger is pushed in the air pressure created turns the cylinder at from 1000 to 1500 revolutions per minute agitating the liquid and simultaneously causing it to be forcibly expelled through the minute holes in the nozzle producing a fine spray. \* \* \*

The pump in the instant case appears to differ materially from the sprays under consideration in the *Gebhardt* cases, *supra*. The record herein does not indicate that the pushing of the handle forward in the involved pump creates any motion as in the sprays involved in the *Gebhardt* cases, *supra*. Although the pumps involved herein contain a flutter valve and spring, for the reasons stated, *infra*, we are of the opinion that the *Gebhardt* cases, *supra*, are not controlling.

Plaintiffs also cite the cases of *S. E. Laszlo* v. *United States*, 1 Cust. Ct. 209, C.D. 47, involving air-pistols operated by compressed air; *F. W. Myers & Co., Inc.* v. *United States*, 37 Cust. Ct. 256, C.D. 1832, involving cream dispensers operated by hand; and the case of *Linread Products, Inc.* v. *United States*, 39 Cust. Ct. 262, C.D. 1939, involving Tutch latches operated manually by utilizing energy supplied by a spring in tension. While these cases held the articles involved to be machines, they do not establish a principle of law that all articles containing a spring mechanism are machines. On the contrary, certain spring binders were held by this court not to be machines. See *General Systems Service, Inc.* v. *United States*, 39 Cust. Ct. 506, Abstract 61376. This court also held a certain mechanism known as a "stake bunk spring," which operated by virtue of a spring not to be a machine within the purview of paragraph 372 of the Tariff Act of 1930. See *Border Brokerage Company* v. *United States*, 41 Cust. Ct. 236, C.D. 2046.

In the *Border Brokerage* case, *supra*, the court made the following observation which we believe to be applicable to the case at bar:

We do not consider that the action of the spring in returning the stake to its upright position is of sufficient complexity to impart to a stake bunk the character of a machine. The *reductio ad absurdum* of any holding to the contrary shows itself at once in the admitted comparison of the automatic return of the stake with the automatic return of a spring door. The simple kind of mechanical action involved in the release of the energy stored up in a spring, when in fact nothing more is accomplished than that something held in a downward position by a heavy weight is pulled erect, prompts us to agree with defendant that a spring stake bunk does not rise to the dignity of a machine. \* \* \*

The so-called flutter valve which prevents the air in the inflated object from being forced back into the pump does not, in our opinion, create a machine out of the merchandise at bar.

In view of the foregoing and based on the record and sample of the merchandise, we are of the opinion that the involved articles are not machines, nor do they rise to the dignity of machines. Accordingly, the protest is overruled and the classification of the collector of customs is affirmed.

Judgment will be entered accordingly.