**No. 63284.**—A. B. Coppersmith and J. S. Walker *v.* United States, protest 316281–K (Los Angeles).

RAO, Judge: Paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, provides for the assessment of duty at the rate of 22½ per centum ad valorem, upon articles, wholly or partly manufactured, composed wholly or in chief value of base metal, not elsewhere specially provided for. The collector of customs at the port of Los Angeles invoked this provision with respect to an importation of so-called trip lever wastes, individually boxed, and assessed duty thereon accordingly.

By timely protest, plaintiffs have challenged this assessment, contending that said merchandise is more specifically described in paragraph 372 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as machines, not specially provided for, which are dutiable at the rate of 13¾ per centum ad valorem.

The record establishes that a trip lever waste is a device for restricting the flow of water from a bathtub. Insofar as is pertinent to this action, it consists of a metal pipe and coupling through which is suspended a plunger or stopper. Connected to the coupling is a so-called overflow plate with a handle. Behind the overflow plate, the handle is attached to a lever through a spring and a cam. It is from the lever that the plunger hangs.

The raising of the handle operates to turn the lever in a downward position, thus causing the plunger to be lowered to block off the flow of water from the tub. When the handle is depressed, the lever rises, pulling up the plunger, and allowing the water to drain from the tub. However, by reason of the fact that the plunger is heavier than the lever, it would not remain in the raised or open position were it not for the spring. According to the witness for the plaintiffs, the spring modifies the energy from the hand to hold the plunger in the open position, and it would not be possible to operate a mechanical bath waste without the spring and cam. They function to lock the lever into an open or closed position. But, it is the lever turning upon a fulcrum which controls the movement of the plunger in restricting the flow of water from the tub.

This is the device which plaintiffs claim is a machine within the contemplation of the definition for which the case of *Simon Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537, is so often cited, to wit:

\* \* \* a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion.

The argument of counsel for plaintiffs is summarized in the following excerpt from their brief:

\* \* \* The energy or force which is manually applied to the lever of the trip lever waste not only, by the use of the principle of the lever and fulcrum, reverses the direction of that force to the plunger so that when the lever is pushed down the plunger is forced up and vice versa, but also compresses the spring on the other side of the lever by use of a cam to offset the force of gravity that the brass plunger would otherwise exert on the lever.

It must be remembered, however, that it was not the intention of our appellate court in the *Simon, Buhler & Baumann (Inc.)* case to lay down a rigid formula to embrace every mechanism which utilizes, applies or modifies energy, or transmits motion. What was involved in the case was a brewery mash filter, claimed, *inter alia*, to be a machine. It was for the reason that the filter did not possess any of these characteristics for affecting energy or motion that the court held it to be excluded from the provisions for machines. In other words, the definition stated a negative, not an affirmative, finding as to what constitutes a machine.

While the general tenor of the definition has never been repudiated, subsequent litigation has clarified its scope. As stated in the case of *United States* v. *Associated Mfg. Co.*, 30 C.C.P.A. (Customs) 236, C.A.D. 238:

It has been held many times by this court that that definition, while correctly defining the term "machine," is a very broad one and it never was intended to mean that every mechanical contrivance which utilizes or applies or modifies energy or force or for the transmission of motion must be considered in a tariff sense a machine. *United States* v. *Wm. Goldenblum & Co.*, 18 C.C.P.A. (Customs) 367, T.D. 44616; *United States* v. *Guth Stern & Co., Inc.*, 21 C.C.P.A. (Customs) 246, T.D. 46777; *United States* v. *The Cottage Creamery Co.*, 22 C.C.P.A. (Customs) 290, T.D. 47346; *United States* v. *Race Co.*, 22 C.C.P.A. (Customs) 327, T.D. 47362; *United States* v. *Dyson Shipping Co., Inc., et al.*, 29 C.C.P.A. (Customs) 148, C.A.D. 184.

In the case of *United States* v. *Guth Stern & Co., Inc., supra*, the court, in quoting the definition of the term "machine," as contained in Webster's New International Dictionary, implicitly acknowledged that such simple mechanisms as "a crowbar abutting against a fulcrum, a pair of pliers in use, or a simple pulley block with its fall," though responding to the *Simon, Buhler* description, are not such devices as "rise to the dignity of machines."

In our opinion, the trip lever wastes at bar are equally such simple mechanisms as would not appropriately be deemed machines for tariff purposes. The record makes clear that the function of restricting the flow of water from the tub

is controlled by the movement of the lever and that the spring merely serves to lock the lever in the position to which it has been raised or lowered by the converse lowering or raising of the handle. To talk in terms of reversing the direction of the manual force applied to the handle, and offsetting the force of gravity occasioned by the weight of the brass plunger, is to cloak the instant device with a mantle of complexity which its operating parts simply do not possess.

It is not to be supposed that the mere act of raising and lowering the plunger by the elementary principle of lever and fulcrum could itself cause this article to be called a machine within the contemplation of the *Simon, Buhler* definition, as subsequently interpreted. So, in the last analysis, it must be that the spring is the component upon which must rest the claim that the trip lever waste is a machine. But the effect of the spring upon the opening and closing of the bathtub drain is residual, not primary. It does not cause the plunger to be lifted up, or to fall. It only secures the position into which the plunger is placed by the operation of the lever.

Not every mechanism containing a spring which stores up energy, as the result of the operation of other movable parts, is necessarily to be regarded as a machine. In the case of *General Systems Service, Inc.* v. *United States*, 39 Cust. Ct. 506, Abstract 61376, looseleaf binders, containing spring blades for keeping the binders open and closed, were held not to be machines within the rule of the *Simon, Buhler* case. In the case of *Border Brokerage Company* v. *United States*, 41 Cust. Ct. 236, C.D. 2046, so-called spring stake bunks, whose springs caused the stakes to be returned from a downward to an upright position, were also excluded from the provisions for machines. Whenever a spring is in compression or tension, energy must, of course, be stored in its coils, and, when the pressure or tension is relaxed, the stored up energy is naturally released. If, however, nothing more is accomplished by the spring than that it maintains a position into which a component of a unit has been placed, or permits the component to return to a previous fixed position, there is not such an application or utilization of energy as would require the unit to be embraced by any tariff provision for machines.

We have carefully considered the authorities called to our attention in the brief of counsel for plaintiffs, but find no principles therein tending to upset the conclusions reached herein. There is little, if any, similarity between the devices which were the subject of the cited decisions and those which confront us here. It is our considered opinion that the contentions of the plaintiffs in this case are without merit and that the subject trip lever wastes are not machines within the contemplation of paragraph 372, as modified, *supra*. All claims in the protest are, therefore, overruled.

Judgment will be entered accordingly.