(C.D. 4800)

CONTINENTAL MANUFACTURING CO. ET AL. *v.* UNITED STATES

Court Nos. 74-2-00331, etc.

(Decided April 23, 1979)

*Glad, Tuttle & White* (*Edward N. Glad* and *T. Randolph Ferguson* of counsel) for the plaintiffs.

*Barbara Allen Babcock*, Assistant Attorney General (*Bruce M. Mitchell*, trial attorney), for the defendant.

FORD, Judge: Plaintiffs in these actions joined for trial contest the classification and assessment of duty of six models of trigger sprayers designated as models 922–H, 922–HJ, 922–C, CTS–4700, 5980–05, and 923–H. The sprayers were classified by Customs under item 662.35 of the Tariff Schedules of the United States, as modified by Presidential Proclamation 3822, T.D. 68–9, which provides for simple piston pump sprays. Duty was assessed thereon at the rate of 9.5 per centum ad valorem. It is the contention of plaintiffs that the sprayers are not "simple" and are, therefore, properly subject to classification under item 662.50, as modified, *supra*, which prescribes duty at the rate of 5 per centum ad valorem.

The pertinent statutory provisions read as follows:

> Mechanical appliances, whether or not hand operated, for projecting, dispersing, or spraying liquids or powders; fire extinguishers, whether or not charged; spray guns and similar appliances; steam- or sand-blasting machines and similar jet projecting machines; all the foregoing (except automatic vending machines) and parts thereof:

| | | |
|---|---|---|
| 662.35 | Simple piston pump sprays, powder bellows, all the foregoing and parts thereof_____ | 9.5% ad val. |
| 662.50 | Other_____ | 5% ad val. |

The record consists of a stipulation of counsel for the parties that all models have the same mechanism as CTS–4700 and operate in the same manner. Plaintiffs offered the testimony of one witness and introduced 20 exhibits. Defendant's case in chief consisted of the testimony of two witnesses and the receipt in evidence of seven exhibits.

Defendant moved to dismiss and plaintiffs consented to said motion with respect to entry DE 133435 of court No. 74–2–00331, protest No. 2704–3–003104. Accordingly, said entry is severed and dismissed as to said protest. Defendant then moved to sever and dismiss entries DE 206593, DE 211408, DE 230539, DE 249341, and DE 252257 from protest No. 2704–4–000702 on the ground that said entries are also covered by protest No. 2704–4–000669 which is not before the court. Since only one protest may be filed against one category of merchandise covered by the same entry, the latter protest, 2704–4–000702 involved in this action is a nullity. Accordingly, court No. 75–1–00098 is hereby severed and dismissed as to entries DE 206593, DE 211408, DE 230539, DE 249341, and DE 252257 covered by protest No. 2704–4–000702.

The issue presented for determination is whether the trigger sprayers involved, which admittedly are piston pump sprays, are "simple" so as to bring them within the provisions of item 662.35, as modified, *supra*, or complex which would result in classification under item 662.50, as modified, *supra*.

The classification of the involved trigger sprayers is presumptively correct. The burden to prove otherwise rests upon the party challenging the classification. 28 U.S.C. 2635(a). Plaintiffs, in their attempt to overcome the presumption of correctness attaching to the classification, offered the testimony of Mr. Hiroshi Suzuki, executive vice president of a subsidiary of the plaintiffs. Mr. Suzuki described the operation and parts of the involved merchandise. The witness was of

the opinion that the sprayers were not simple piston pump sprays inasmuch as they contain a greater number of parts than those produced in the United States, have a unique one-line pump mechanism and children would find them difficult to operate.

Defendant, on the other hand, produced two expert witnesses who had engineering degrees, and were involved in the field of fluid mechanics. Dr. Julian Cole, a professor of engineering at UCLA, teaches fluid mechanics. Mr. James E. Burke is senior project engineer for Dispenser Products which is a subsidiary of the Ethyl Corp. Dispenser Products manufactures various dispensing systems including trigger pump sprays. Both witnesses considered the imported mechanism to be a simple pump spray similar to the type manufactured in the United States. Neither witness considered the number of parts utilized in the manufacture as determinative of whether the sprayers were simple or complex. In the opinion of the witnesses the determination of whether a mechanism is simple or complex is based upon the function of the article to obtain the end result. The fact the imported sprayers utilized a one-line system and those manufactured in the United States utilized a two-line system did not change their opinion. The only difference between the systems was the orientation of the valves. According to Mr. Burke and Dr. Cole, the imported merchandise is a simple piston pump spray. Dr. Cole considered the imported spray to be "the simplest kind of piston pump sprayer you could possibly make." The American sprayers, exhibits J and M, are in the opinion of defendant's witnesses simple piston pump sprays. The operation of the imported sprayers was described by Mr. Burke as follows:

> Basically, from the diagram, its got a first check valve or first valve back here (indicating), a second valve internally in there (indicating), a piston in between (indicating). As the trigger is squeezed (indicating), the first valve is sealing the compressed product in the compression chamber, and it has no place to go other than out past the second valve and out through the nozzle. And, on the return stroke, the second valve is closed. The first valve is opened up by the reduced pressure in the chamber and the air or product coming up through the dip tube into the chamber.

Since the statutory provision under which the merchandise was classified utilizes the language "Simple piston pump sprays," and neither party has alleged nor established a commercial designation which differs from the common meaning, the latter must be considered as controlling. The common meaning of a tariff term is not a question of fact but a question of law to be determined by the courts. *United States* v. *National Carloading Corp. et al.*, 48 CCPA 70, C.A.D. 767 (1961); *Productol Chemical Co.* v. *United States*, 74 Cust. Ct. 138, C.D. 4598 (1975). Accordingly, testimony of witnesses as to whether the sprayers are simple or complex is merely advisory and not binding

upon the court. *Tropical Craft Corp.* v. *United States*, 45 CCPA 59, C.A.D. 673 (1958).

Plaintiffs' reliance upon *Emil Gebhardt* v. *United States*, 66 Treas. Dec. 983, Abs. 28998 (1934); *Same* v. *Same*, 56 Treas. Dec. 834, Abs. 9786 (1929); and *United Merchandising Corp. and Frank P. Dow Co., Inc.* v. *United States*, 42 Cust. Ct. 396, Abs. 63100 (1959) is misplaced since the statutory language herein, simple piston pump sprays, was not involved in any of those cases. The issue for determination therein was whether or not the operation of the involved merchandise constituted machines. Accordingly, the cases do not support plaintiffs' position nor are they controlling. *Brentwood Originals* v. *United States*, 73 Cust. Ct. 185, C.D. 4572 (1974).

It is also urged by plaintiffs that the court should, in determining the congressional intent, utilize the information contained in the Brussels Nomenclature. Where ambiguity exists the court may consider legislative history such as committee reports, debates, Brussels Nomenclature, etc. in order to determine congressional intent. *United States* v. *Kung Chen Fur Corporation*, 38 CCPA 107, C.A.D. 447 (1951). However, legislative history may not be resorted to when language of the statute is plain and unambiguous. *C. J. Tower & Sons* v. *United States*, 41 CCPA 195, C.A.D. 550 (1954). Based upon an examination of the merchandise and the testimony with respect to its operation, the court is of the opinion the involved merchandise falls within the classified language which is clear and unambiguous.

It follows, therefore, since plaintiffs have failed to establish *prima facie* that the sprayers are within the statutory language of item 662.50, as modified, supra, the action must be dismissed.

Judgment will be entered accordingly.

---

(C.D. 4801)

Voss International Corp., plaintiff *v.* United States, defendant

Court No. 75-8-02154

(Decided May 7, 1979)

*Glad, Tuttle & White* (*Edward N. Glad* of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*David M. Cohen*, Branch Director; *Joseph I. Liebman*, Attorney in Charge, Field Office for Customs Litigation; *Bruce M. Mitchell*, trial attorney), for the defendant.

Maletz, Judge: In this case plaintiff challenges the amount of special dumping duties that were assessed against asbestos cement pipe which was exported from Japan on February 13, 1972, and en-